RECEIVED
OCT 26 2016
DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Case Number: __16-6185__

Case Name: __Amy Jerrine Mischler v. Jonah Lee Stevens, et al.__

Name: __Amy Mischler__

Address: __1120 Palm Court__

City: __Okeechobee__       State: __FL__     Zip Code: __34974__

## PRO SE APPELLANT'S BRIEF

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

**United States Court of Appeals For The Sixth Circuit**
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio   45202-3988

1. Did the District Court incorrectly decide the facts?     ☑ Yes     ☐ No

   If so, what facts?

   A. See Page ID# 3619 "[t]here were no further proceedings in case numbers 02-D-002020-001 and 02-D-002020-002. [citation] Ms. Mischler does not dispute this."

   I did not address it because it was irrelevant in my opinon. I have ongoing cases challenging 02-D-002020-001 and 02-D-002020-002 which the state courts are ignoring.

2. Do you think the District Court applied the wrong law?     ☑ Yes     ☐ No

   If so, what law do you want applied?

   A. The District Court cites to the correct standard of review on page ID# 3620 and 3621. However in analysis on ID# 3623 uses a different standard of review.

   The District court states I must bring "affirmitive evidence" to defeat the summary judgement motion citing to a KY Supreme Court case which has a single citation without specific page identification to a US. Supreme Court case.

   The standard is a genuine dispute of material fact which I met because there is at issue whether the order dated September 23, 2002 had subject matter jurisdiction to change child

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?
   ☑ Yes  ☐ No
   If so, what are they?

   A) The District Court is concerned that the Federal Courts are overstepping because this matter can collaterally influence child custody proceedings in the state court. Staying out of child custody matters is a legitimate concern. However, when the state courts interferred with the plaintiffs parental rights to issue child custody orders in closed cases w/o subject matter jurisdiction; it's the kind of controvery that requires Federal intervention.

4. What specific issues do you wish to raise on appeal?

   Limited analysis to follow each issue

   A) Under Article IV Section 1 of the US Const.; Federal judges cannot give full faith and credit to a state proceedings that has serious unaddressed defects such as lack of subject matter jurisdiction.

   B) Lack of subject matter jurisdiction must be addressed in a Federal Proceeding when raised by a litigant.

   C) State judicial proceedings may not give full faith and credit to state proceedings they know to be without subject matter jurisdiciton.

   D) Statute of limitations does not begin to toll on a judicial order issued without subject matter jurisdiction until th eissue of lack of subject matter jurisdiction is addressed.

   E) Attorneys conduct to post clearly notated psychological confidential information. cont.

5. What action do you want the Court of Appeals to take in this case?

   A) Vacate the dismissal order.

   B) Order the District Court to rule there was no subject matter jurisdiction on the September 23, 2002 order in KY cases 02-D-002020-001 and 02-D-002020-002 [Pike KY] Cont.

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the 24 day of October, 20 16.

Signature (Notary not required)

*[signature]*

Continued

1. Did the District Court incorrectly decide the facts?

The cases lingering without being addressed in the Kentucky Appellate Courts are 2014-SC-000201 and 2014-SC-000202 that are appealed writs directly related to 02-D-00202-001 and 02-D-002020-002.

The last action in those cases motions as of 7/2014 OVER TWO YEARS AGO never responded to by the KY Supreme Court. I believe that the KY Supreme Court is intentionally delaying until after my youngest child is 18 in order to say my writs are moot.

No response by the Appellees have been filed in the KY Supreme Court cases. It is a motion for extension of time to file a response that hasn't been ruled upon in two years.

B. "Starting in November 2005, the parties began litigating issues related to child support".

This is not true. A prior motion sitting unanswered in case 01-CI-1197 by the Circuit Court since 2002; are many such motions that have never been addressed by the state courts.

## C. On its face its true "On August 6, 2009 Judge Lewis D. Nicholls entered a written order". However, this leaves out material issues that greatly color the fairness and neutrality of that order.

KY requires a factual finding by statute to place a parent on supervised visitation. *"KRS 403.320(3) specifically directs that a court" shall not restrict a parent's visitation rights" unless allowing visitation would seriously endanger the child. Pennington v. Marcum, 266 S.W.3d 759, 769 (Ky.2008), as modified (Oct. 24, 2008)."*[1]

The original judge that issued the September 23, 2002 order without subject matter jurisdiction also issued 2006 DVO against me placing me on supervised visitation. There was no factual finding to support supervised visitation.[2]

While the DVO was vacated because there was no actual allegations of domestic violence in the petition; I was still kept

---

[1] Ryan v. Ryan, Kentucky Court of Appeals case 2015-CA-000010.
[2] The Appellee wants everyone to believe that I am mentally ill. So with that in mind, please note that I was convicted of domestic violence for marching in public with a sign. Yes, this is the absolute truth. It was vacated in December 2006 with a factual finding that attorney Jonah Stevens failed to make allegations of domestic violence in the petition Stevens filled out.

under supervised visitation without a factual finding by the subsequent judges including Judge Lewis D. Nicholls.

I even asked Judge Nicholls for a factual finding and he refused to give one to me. The Court of Appeals refused to allow me appeal on that issue.

I am still on supervised visitation at night, but the order doesn't state why.[3] I have not seen my children or allowed to even talk to them on the telephone since 2008. What the Courts did was to constructively terminate my parental right through the continued supervised visitation.[4]

So from September 2002 until June 2006 my parental rights were denied by an order issued without subject matter jurisdiction.

---

[3] The order is based entirely on the evaluation which is based wholly on Cabinet for Health and Family Services records which falsely state I am substantiated child abuser. I was cleared of all allegations of child abuse by an administrative hearing in 2007. The Cabinet continued to create records stating I was a child abuser in 2008. I only just discovered this in 2016 when my ex husbands records were give to me.

[4] At the time the last visitation order was issued I was living in Russell Springs KY two hours away from Louisville KY. The Judge knew this but ordered me to supervised visitation anyway knowing it was be nearly impossible for me to drive from Russell Springs to Louisville, to Winchester back to Louisville, be supervised at night, and then take the children back to Winchester, take my mother back to Louisville, and then return to Russell Springs KY. I physically could not do this nor could I even financially afford the gas money for this trip.

Then from June 2006 until August 6, 2009 I was on supervised visitation without a factual finding required by statutes and case law from multiple KY judges.

## 2. Do you think the District Court applied the wrong law? If so, what law do you want applied?

A. Cont. custody. I specifically alleged in the complaint that child custody was changed without jurisdiction. Because this is a material fact plainly stated in the allegation against the Defendant, it must be decided one way or another before summary judgment can be granted.

## B) Statute of limitations.

My legal theory is the statute of limitations does not begin to accrue until some court makes a ruling that there was no subject matter jurisdiction to the September 23, 2002 order.[5] The District Court disagreed.

---

[5] Today is October 19, 2016 and pursuant to the United States Constitution all courts in the United States must give full faith and credit to the September 23, 2002 order pursuant to Article IV Section 1 of the US Const. Therefore, the statute of limitations cannot begin until the order is overturned.

Neither the District Court nor I could find case law to support either of our positions regarding orders issued without subject matter jurisdiction statute of limitations.

As a matter of legal common sense to place a statute of limitations on orders issued without subject matter jurisdiction IS GIVING legal authority to judicial order issued without authority.

Thus, there is no prohibition for judges and litigants to engage in this type of misconduct if it is allowed for the statute of limitation to begin the day issuance of the order without subject matter jurisdiction.

3. Do you feel that there are any others reasons why the District court's judgment was wrong?

B. Attorney Generals Involvement.

The KY Attorney General's office defended some of the dismissed defendants. The District Court gave great weight to the opinion of the KY Attorney General's office involvement that the state court proceedings.

Yet, the Attorney General's office was actually involved in my private child custody case [unusual] filing a motion to quash

my subpoena for Judge Julie Paxton to talk about what jurisdiction if any she had in the 02-D-002020-001 and 02-D-002002-002 cases, including the AT ISSUE September 23, 2002 order.

I noticed the District Court of this potential conflict of interest but the District Court ignored my pleading.

C. Confidential psychological evaluation POSTED UNREDACTED ON PACER by Appellee to influence the court.

A clearly marked "confidential" at the top of every page psychological evaluation was filed THREE TIMES by the Defendant in the District Court case. The first time was completely un-redacted humiliating not only myself, but exposing our children's private medical information.

The District Court case stated that I was correct that the filing was "irrelevant" to the issue at hand but failed to sanction the Defendant or even admonish them in the order.[6] The

---

[6] Page ID# 3422 in 13-CV-8 [EDKY].

evaluation was based wholly on Kentucky Cabinet for Health and Family [hereinafter Cabinet] Services records.[7]

In 2007 my case with the Cabinet was closed and I was cleared of all allegations of child abuse. However, I have found in 2016 that in Jonah Stevens records I was still listed as a substantiated child abuser in 2008 and those records were given to the child custody evaluator.

I have also discovered that the original social worker Shereena Hamilton who started the Cabinet case against me was personal friends with the Appellee's sister in law.

I have also discovered in 2016 that Hamilton entered my home under false pretenses in April 2006 to spy on the interior of my home for Appellee Jonah Stevens. There was no referral, and no intake approved until October 2006.

I requested all of my records in 2007 from the Cabinet. I did not receive the records that would have notified me of the 4th Amendment violation of Hamilton requesting to enter my home

---

[7] The psychologist, Dr. Sally Brenzel failed to disclose that she often contracts with KY Administrative Office of the Courts and the Kentucky Cabinet for Health and Family Services in addition to do private child custody evaluations. Where my case has both misconduct by order issued without subject matter jurisdiction and falsified Cabinet Records; her financial contracts with these two state entities is entirely relevant.

under false pretenses of a child abuse investigation which did not exist.[8]

The District Court is giving private credence to the fraudulent child custody evaluation that was unfavorable to me while only facially writing it was irrelevant in the order.

Otherwise, why didn't the District Court sanction the appellee for filing THREE TIMES, the confidential child custody evaluation deemed irrelevant?

D. Appellee is allowed to violate the rules by the District Court.

Not only did the Appellee file THREE TIMES (in violation of Rule 11), an IRRELEVANT confidential inflammatory evaluation that had our children's medical records located in it un-redacted on PACER just to harass me and improperly influence the District Court: The District Court notes in footnote 1 that the Appellee is allowed by the District Court to violate Rule 56(c)(1)(A).

The District Court gives the Appellee free reign to violate the civil rules of procedure.

---

[8] Please take judicial notice that the Cabinet for Health and Family services had a million dollar fine levied against it for withholding records obtain through Kentucky open records law. The same law I had to use to obtain my Cabinet records.

<u>4. What specific issues do you wish to raise on appeal?</u>

<u>E) Confidential information on PACER un-redacted that was deemed irrelevant by the District Court should be sanctioned.</u>

<u>F) State Court systems should address their own misconduct instead of relying on the Federal Court system to clean up their legal messes.</u>

SECTION 4 ANALYSIS

<u>A) Under Article IV section 1 of the US Const.: Federal Judge cannot give full faith and credit to a state proceedings that has serious unaddressed defects such as lack of subject matter jurisdiction. & B) Lack of subject matter jurisdiction must be addressed in a Federal Proceeding when raised by a litigant.</u>

The full faith and credit clause of the US Const. Article IV Section 1 requires all courts, including federal to give full faith and credit to state judicial proceedings.

However, even the District Court "STRONGLY HINTS" in its order that it agrees that the September 23, 2002 order is without subject matter jurisdiction by stating "*[e]ven assuming that the*

*September 23, 2002 order was entered without subject matter jurisdiction"*.

The conundrum is that the District Court is giving full faith and credit to the September 23, 2002 order [and each child custody ordered thereafter based on that order]; an order it knows is without legal authority [subject matter jurisdiction].

The US Supreme Court precedent in <u>Gonzales v. Thaler,</u> ***requires*** Federal District Courts to not only address lack subject matter jurisdiction in federal cases BUT ALSO IN STATE CASES brought in civil action in the federal courts.[9]

<u>C) State judicial proceedings may not give full faith and credit to state proceedings they know to be without subject matter jurisdiction.</u>

KY Chief Justice Minton, the Kentucky Supreme Court and the Kentucky Attorney General KNOW that the September 23, 2002 was without subject matter jurisdiction and that the child

---

[9] *"When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented. See* <u>United States v. Cotton</u>, 535 U. S. 625, 630 (2002). *Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety."* <u>Gonzalez v. Thaler</u>, u.s. ,132 S. Ct. 641, 648 (2012), <u>Boegh v. Energy Solutions, INC.</u>, 14-5047 (6th Circuit 2014), <u>Harrison v. Leach</u>, 2010-SC-000018 (KY 2010).

custody proceeding between the Appellant and Appellee are illegal and void ab initio.

Instead of cleaning up this legal mess at the state level; Chief Justice Minton, KY Supreme Court and the KY Attorney General are choose to waste federal court resources in litigation in fear of losing substantial federal funding received from the Federal Department of Health and Human Services.

The Kentucky State Court system is perpetuating a fraud through requiring the Federal Courts to give full faith and credit to the September 23, 2002 order that state officials know was issued without subject matter jurisdiction.[10]

Gonzales analysis should EXTEND even to requiring state court systems and their officials to address state proceedings issuing orders without subject matter jurisdiction.[11] Otherwise, the *Federal Court will be increasingly burdened* with pro se litigants with complaints of parental rights abuses by the states.

---

[10] Article IV section 1 of the US Const.,
[11] Gonzalez v. Thaler, u.s. ,132 S. Ct. 641, 648 (2012)

### D) Statute of limitations does not begin to toll on a judicial order issued without subject matter jurisdiction until the issue of lack of subject matter jurisdiction is addressed.

Neither the Plaintiff nor the District Court could find case law on this issue. It is a necessary legal fiction that the violation of subject matter jurisdiction does not exist until it is addressed by a court of law. Therefore, the statute of limitations cannot begin to run until there is an order stating that there was no subject matter jurisdiction.

### E) Attorneys conduct to post Confidential information on PACER un-redacted that was deemed irrelevant by the District Court should be sanctioned.

Psychological information including physical medical conditions of the Appellants children and unproven allegations of child abuse against a decedent was published fully un-redacted on PACER for the entire world to read by the Appellee.

Further, the District Court itself stated that the information was irrelevant to the issue at hand.

The District Court allowed the appellee to flagrantly violate Rule 11 against a pro se litigant. Not once, but three times posting a psychological report that was clearly marked "confidential" at the top of each page.[12]

Public trust in the Court system to be fair requires sanctioning of attorneys that so flagrantly violate Rule 11.

Respectfully, the Appellant requests the <u>Sixth Circuit to give guidance</u> to the District Court AND the entire Sixth Circuit that this type of flagrant Rule 11 violation against pro se litigants is not to be tolerated.[13]

Further, the Rule 11 violation required emergency intervention of the Chief Judge of the Eastern District of Kentucky to act to seal the confidential information before the District Court had time to address it. Another unnecessary waste of Federal Court resources to counteract against an intentional Rule 11 violation to protect a pro se litigant.

---

[12] See Docket Entries in 13-cv-8 163 through 170 and particularly Docket Entry 168 and Page ID 3342 where the District Court found that the confidential report was irrelevant. See "*Plaintiff also correctly notes that the information is irrelevant to the issues presented in her two motions which are now denied.*"
[13] Civil Rule 11b(b)(1).

## 5. What action do want the court of Appeals to take in this case?

C) Order dismissed Defendant Kentucky Chief Justice John Minton and entered appearance legal counsel Kentucky Attorney General Andy Beshear to file a response to the District Court why the Kentucky State Courts and the Attorney Generals Office have never taken action to correct the September 23, 2002 order issued without subject matter jurisdiction within the state system.[14]

D) Order that the statute of limitations does not begin to toll until an order issued without subject matter jurisdiction is overturned.

E) Order that the Sixth Circuit holds that pursuant to *Gonzales* that state courts and their officials are obligated to address state court orders issued without subject matter jurisdiction.[15]

---

[14] The court system and the attorney generals have been on notice of the order without subject matter jurisdiction since 2009. Instead of addressing it they allowed the misconduct to fester. The

[15] Even the Kentucky Judicial Conduct Commission was on notice of the order without jurisdiction but issued a letter stating that Paxton's actions were in "good faith" and thus would not address anything. I was EXTRA-VIGILANT noticing many state officials and agencies of the actions of Paxton so there is no valid excuse of the Commonwealth of Kentucky why this legal matter was not addressed at the state level.

F) Order in a published opinion that the Sixth Circuit does not tolerate Rule 11 violations of publishing medical reports by psychologist to be filed UNREDACTED by attorneys against pro se. Further, that the District Court allowing such is an indicator of judicial bias against the pro se litigant whose privacy was violated.

I certify that copy of this brief was sent to opposing counsel via U.S. Mail on this the 24th Day of October 2016.

*[signature]*

Respectfully submitted,

*[signature]*
Amy Mischler
1120 Palm Court
Okeechobee, Florida 34974
863-763-6213

PRESS FIRMLY TO SEAL              PRESS

# PRIORITY
## ★ MAIL ★

- 📅 DATE OF DELIVERY SPECIFIED*
- 📶 USPS TRACKING™ INCLUDED*
- $ INSURANCE INCLUDED*
- 🚚 PICKUP AVAILABLE
  * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

PS00001000014    EP14F July 2013
                 OD: 12.5 x 9.5       VIS ORD

---

**UNITED STATES POSTAL SERVICE** — **Click-N-Ship®**

usps.com   9405 8036 9930 0328 7449 21 0664 5000 0054 5202
$6.45
US POSTAGE
Flat Rate Env

10/24/2016       Mailed from 34974   06250000000310

**PRIORITY MAIL 2-DAY™**

AMY MISCHLER                    Expected Delivery Date: 10/26/16
1120 PALM CT
OKEECHOBEE FL 34974-0526                    0006

C023

SHIP TO: CLERK OF COURT
SIXTH CIRCUIT UNITED STATES COURT OF APPEALS
100 E 5TH ST
RM 540
CINCINNATI OH 45202-3945

**USPS TRACKING #**

9405 8036 9930 0328 7449 21

Electronic Rate Approved #038555749